

FILED

12/28/2021

Bowen Greenwood
CLERK OF THE SUPREME COURT
STATE OF MONTANA

Case Number: OP 21-0650

IN THE SUPREME COURT OF THE STATE OF MONTANA

OP 21-0650

JOHNATHON CLARK,

Petitioner,

v.

JIM SALMONSEN, Warden,
Montana State Prison,

Respondent.

FILED

DEC 2 8 2021

Bowen Greenwood
Clerk of Supreme Court
State of Montana

O R D E R

Representing himself, Johnathan Clark has filed a Petition for Writ of Habeas Corpus, indicating that his incarceration is illegal because his "attorney illegally waived [his] right to quick and speedy [trial] and/or lied to [him] about it." Clark contends that his attorney misled him "in multiple ways resulting in a faulty conviction." He states that he is trying to file for postconviction relief, and he raises several claims of ineffective assistance of counsel.

Montana's statute for habeas corpus relief provides that a court may inquire into the cause of restraint or incarceration. Section 46-22-101(1), MCA. As a petitioner, Clark carries this "burden of proof or the burden of persuasion." *In re Hart*, 178 Mont. 235, 249, 583 P.2d 411, 419 (1978). Clark provides almost no information about the sentencing court, his conviction, or when his sentence was imposed. He gives this Court a cause number. As a Petitioner, Clark has the burden of proof or persuasion—meaning that he must give this Court as much relevant information about his criminal case. *In re Hart*, 178 Mont. at 249, 583 P.2d at 419. Clark has not done so.

This Court contacted the First Judicial District Court, Lewis and Clark County, for sentencing judgments. On September 13, 2021, the District Court revoked Clark's 2019 prison sentence of ten years with eight years suspended for felony robbery and imposed an eight-year, suspended sentence to the Montana State Prison. Clark did not appeal.

Clark's remedy is not with this Court because he cannot challenge a sentence upon revocation through habeas corpus. Section 46-22-101(2), MCA. As Clark references, his claims concerning his counsel's effectiveness should be presented in a petition for postconviction relief. Section 46-21-101, MCA. Any such claim must be made through verified petition timely filed pursuant § 46-21-102, MCA.

Clark has not demonstrated illegal incarceration. Section 46-22-101(1), MCA. Clark has not met his burden here nor has he presented viable claims under habeas corpus. This Court cannot provide any remedy for his instant petition. Accordingly,

IT IS ORDERED that Clark's Petition for a Writ of Habeas Corpus is DENIED and DISMISSED.

The Clerk of the Supreme Court is directed to provide a copy of this Order to counsel of record and to Johnathan Cody Clark personally.

DATED this 28 day of December, 2021.

_____
Chief Justice

_____

_____

_____

_____
Justices

2